# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE VALENZUELA, | Case No.: 1:18-cv-00295-BAM |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | |
| ANDREW M. SAUL,[1] Commissioner of Social Security, | |
| Defendant. | |

## INTRODUCTION

Plaintiff Rosie Valenzuela ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

///
///

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.
[2] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 5, 6.)

1

Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## **FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed an application for disability insurance benefits on April 7, 2014. AR 283-91.[3] Plaintiff alleged that she became disabled on September 5, 2013, due to a right shoulder injury, tendonitis, shoulder impingement, and arthritis in her neck. AR 309, 313. Plaintiff's application was denied initially and on reconsideration. AR 216-20, 225-29. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Nancy Stewart held a hearing on June 15, 2016, and issued an order denying benefits on August 22, 2016. AR 18-41, 165-94. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-6. This appeal followed.

**Hearing Testimony**[4]

The ALJ held a hearing on June 15, 2016, in Fresno, California. Plaintiff appeared with her attorney, Michael Goldberg. Impartial Vocational Expert ("VE") Jose L Chaparro also appeared and testified. AR 127.

Following testimony from Plaintiff, the ALJ elicited testimony from VE Jose Chaparro. Plaintiff's counsel stipulated to Mr. Chaparro's qualifications. AR 185. At the outset of his testimony, the VE classified Plaintiff's past work as pharmacy technician, light work, semi-skilled with a SVP of 3, Dictionary of Occupational Titles ("DOT") number 074.382-010. AR 185.

The ALJ also asked the VE hypothetical questions. For the first hypothetical, the ALJ asked the VE to assume a range of light work, lifting and carrying no more than 20 pounds occasionally, 10 pounds frequently, pushing and pulling within those weight limits, but only occasional as to the right upper extremity, standing and walking six out of eight hours, but no walking on uneven ground, sitting

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.
[4] The sole issue in this case relates to the Vocational Expert. Accordingly, the Court summarizes only the testimony and information relative to the Vocational Expert.

six out of eight hours with the ability to stand and stretch for a minute at the end of each hour, no ladders, ropes or scaffolds, occasional stairs, ramps, kneeling and crawling, no overhead reaching with the right upper extremity, shoulder level okay, reaching in all other directions limited to frequent handling, fingering and feeling with the right upper extremity, and occasional overhead reaching with the left upper extremity. The VE testified that Plaintiff's past work would be available to the hypothetical individual. AR 185-86. If the individual also was limited to lifting and carrying ten pounds occasionally and frequently, the VE testified that the individual could perform Plaintiff's past work as it was actually performed. AR 186-87. If the individual was limited to no prolonged walking greater than 30 minutes at a time, including standing, the VE testified that there would be no past work. If the individual had to rest for 15 minutes every two hours and elevate the feet to the waist, then this individual would not be able to perform Plaintiff's past work. AR 187.

For the second hypothetical, the ALJ asked the VE to consider a person limited to lifting and carrying no more than 20 pounds occasionally, 10 pounds frequently, pushing and pulling within those weight limits but only occasional with the right upper extremity, standing and walking six out of eight hours but no walking on uneven ground, sitting six out of eight with the ability to stand and stretch for a minute at the end of each hour, no ladders, ropes or scaffolds, occasional stairs, ramps, kneeling and crawling, no overhead reaching with the right upper extremities, shoulder level okay and reaching in all other directions limited to frequent, frequent handling, fingering and feeling with the right upper extremity, occasional overhead reaching with the left upper extremity, but no restrictions at the shoulder level, no prolonged walking or standing greater than 30 minutes at a time, and the ability to elevate the feet and rest every two hours for 15 minutes at the waist level during scheduled breaks. The VE testified that there would be other jobs in the national economy that this hypothetical person could perform, such as cashier II (DOT code 211.462-010) with a reduction in numbers nationally. This person also could perform work as a sub assembler (DOT code 729.684-054). The VE further testified that this individual would be able to perform all unskilled sedentary work. AR 188-91. If the individual was limited to non-complex tasks, then the individual could not perform Plaintiff's past work. AR 191. If the person were absent three or more times a month because of chronic pain, reduced mobility, medical treatment and ability to concentrate, there would be no jobs for this person. AR 191. If a person during an eight-

hour work day was only productive about six hours one day a week, this would not be acceptable and there would be no jobs. AR 191-92. If the second hypothetical was reduced to occasional handling, fingering and feeling with the right dominant hand, the VE testified that there would not be any jobs. AR 192.

When asked whether the hypotheticals were inconsistent with the DOT, the VE testified that he was only aware of the reduction in numbers for the cashier II position based on the sit/stand option. AR 192-93. The VE also indicated that the DOT does not discuss absences. Additionally, the VE confirmed that any testimony not based on the DOT was based on the VE's 35 years of experience with vocational rehabilitation and job placement, services, job analysis and market research. AR 193.

Following the ALJ's questions, Plaintiff's counsel asked the VE to consider an individual who would be off ask for one hour each day due to an unscheduled nap. The VE testified that there would be no work for this individual. AR 193.

**Medical Record**

The relevant medical record will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 129-37. Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since September 5, 2013, her alleged onset date. AR 129. The ALJ identified obesity, disorder of the cervical spine, disorder of the bilateral shoulders, disorder of the left ankle, status post-surgery, and gastroesophageal reflux disease as severe impairments. AR 129-30. The ALJ determined that the severity of these impairments did not meet or equal any of the listed impairments. AR 130.

Based on a review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a range of work at the light exertional level. The ALJ found she could lift and carry 20 pounds occasionally, 10 pounds frequently, push and pull within these same weight limits, but could only occasionally do so with the right upper extremity. She could stand and walk six hours in an eight-hour work day, but was unable to walk on uneven ground. She could sit six hours in an eight-hour work day, but would need to be able to stand and stretch for one minute at the

4

end of each hour.  She could occasionally kneel, crawl, and climb ramps or stairs, but was unable to climb ladders, ropes, or scaffolds.  With the right upper extremity, she was unable to reach overhead, but could reach up to shoulder level and frequently reach in all other directions.  She was limited to frequent handling, fingering, and feeling with the right upper extremity and limited to occasionally reaching overhead with the left upper extremity, but had no restriction on the ability to lift up to shoulder level with her left extremity.  She was unable to engage in any prolonged walking or standing, defined as greater than 30 minutes at one time, and needed to be able to elevate her feet to waist level every two hours for 15 minutes.  She also could not perform complex tasks because of chronic pain and fatigue.  AR 130-35.  With this RFC, the ALJ found that Plaintiff could not perform any past relevant work.  However, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as cashier II and sub assembler.  AR 135-36.  The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act.  AR 136-37.

## **SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

///

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[5]

Plaintiff does not challenge the ALJ's treatment of the medical evidence or her assessment of Plaintiff's RFC. Instead, Plaintiff asserts that the ALJ erred in relying on the VE's testimony at step-five of the sequential evaluation by failing to obtain a reasonable explanation of conflicts between the VE's testimony and the DOT.

An ALJ may not "rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); see also Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Pursuant to SSR 00-4p, the ALJ has an affirmative duty to inquire into the existence of potential conflicts between the VE's testimony and the DOT, and obtain an explanation from the VE regarding any conflicts that do exist. *See* SSR 00-4p, 2000 WL 1898704; *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015); *Massachi*, 486 F.3d at 1152-53. If there is conflict between the VE's testimony and the DOT, "the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Massachi*, 486 F.3d at 1153. Failure to conduct such inquiry is analyzed under the harmless error standard. *See Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015); *see also Massachi*, 486 F.3d at

---

[5] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

1154 n.19 (stating that the error is harmless where "there [is] no conflict, or if the vocational expert ha[s] provided sufficient support for her conclusion so as to justify any potential conflicts").

In this instance, the ALJ found that Plaintiff had the RFC to perform a range of light work, but "because of her experience of chronic pain and fatigue, she is unable to perform complex tasks." AR 130. During the administrative hearing, the ALJ asked the VE to consider a hypothetical individual limited to light work and an inability to perform complex tasks. The VE testified that such an individual could perform the work of cashier II and sub assembler. AR 188-91. Relying on the VE's testimony, the ALJ determined that a person with Plaintiff's RFC would be able to perform the requirements of the representative occupations of cashier II and sub assembler. AR 136.

With regard to the cashier II occupation, Plaintiff contends that there is an apparent conflict between the level 3 reasoning requirements of that occupation and Plaintiff's RFC limitation to non-complex work. (Doc. No. 10 at 8.)

Plaintiff's RFC precludes her from performing complex tasks. AR 130. Absent further clarification, the Court presumes that the limitation to non-complex tasks is consistent with the performance of simple tasks. *See Thompson v. Colvin*, No. ED CV 13-1851-SP, 2015 WL 1476001, at *4 (C.D. Cal. Mar. 31, 2015) (finding RFC precluding claimant from complex tasks to be a presumptive limitation to simple tasks); *see also Ebony B. v. Berryhill,* No. 5:18-CV-01063-GJS, 2019 WL 1296875, at *3 (C.D. Cal. Mar. 21, 2019) (noting courts in the Ninth Circuit have found no meaningful distinction between "simple tasks "and "non-complex tasks," and finding "simple" and "non-complex" to be consistent). The DOT classifies the job of cashier II as having reasoning level three, which requires a worker to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." DICOT 211.462-010, 1991 WL 671840.

The Ninth Circuit has held that there is an apparent conflict between a limitation to "simple, routine, or repetitive tasks" and "the demands of Level 3 Reasoning." *Zavalin*, 778 F.3d 842 at 843-44; *see also Lewis v. Berryhill,* 708 Fed.App'x 919, 920 (9th Cir. 2018) (finding conflict between limitations to "work involving simple instructions" and level 3 reasoning). Courts in this circuit also have found an apparent conflict between an RFC for simple or non-complex work and the demands of Level 3

reasoning. *See*, *e.g.*, *Trai Truong v. Saul*, No. 18CV1660-MMA (MSB), 2019 WL 3288938, at *6 (S.D. Cal. July 19, 2019) (finding an apparent conflict between claimant's RFC limiting him to "detailed, non-complex instruction" and Level 3 Reasoning); *Danny R. v. Berryhill*, No. 5:18-CV-01992-KES, 2019 WL 2448374, at *3 (C.D. Cal. June 12, 2019) (finding conflict between limitation to "simple tasks" and reasoning level 3); *Ebony B.*, 2019 WL 1296875, at *3 (finding apparent conflict between Level 3 reasoning requirement and claimant's limitations to "non-complex tasks"); *Sanchez v. Berryhill*, No. 1:17-CV-01728-JLT, 2019 WL 1125344, at *5 (E.D. Cal. Mar. 12, 2019) (finding vocational expert's testimony that a claimant limited to "simple, routine, and repetitive tasks" could perform all unskilled work conflicted with the job descriptions for unskilled work found in the Dictionary of Occupational Titles because those jobs may require Level 3 reasoning).

Because of the apparent conflict between the VE's testimony and the DOT, the ALJ was required to determine whether the vocational expert's explanation for the conflict was reasonable and whether a basis existed for relying on the expert rather than the DOT. *Massachi*, 486 F.3d at 1153. According to the record, the ALJ inquired of the VE regarding any inconsistencies between his testimony and the DOT. The VE indicated that any deviation from the DOT was based on his 35 years of experience with vocational rehabilitation and job placement, services, job analysis and market research. AR 193. An ALJ is "entitled to rely on the expert's 'experience in job placement' to account for 'a particular job's requirements.'" *Gutierrez v. Colvin*, 844 F.3d 804, 808-09 (9th Cir. 2016) (citation omitted) (commenting that "[w]hile the ability to read, write, and follow assembly instructions may roughly correlate to the aptitude necessary to perform some cashiering jobs, those abilities aren't necessarily essential for most cashiers); *See Avilez v. Berryhill*, 677 Fed.Appx. 373, 374 (9th Cir. 2017) (finding ALJ properly relied on VE's uncontradicted opinion based on 20 years' experience and explanation to support any deviation from DOT); *Haines v. Berryhill*, No. ED CV 17-1810-DFM, 2019 WL 430498, at *2 (C.D. Cal. Feb. 4, 2019) (finding VE properly resolved conflict between DOT and claimant's limitations where VE testified his opinion was based on his experience with the jobs). The Court therefore finds that the ALJ correctly relied on the VE's testimony.

///

///

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Andrew M. Saul, Commissioner of Social Security, and against Plaintiff Rosie Valenzuela.

IT IS SO ORDERED.

Dated: **August 29, 2019**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE